UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Case No. 2:07-cr-13
                                                              HON. R. ALLAN EDGAR

SHAWN ALLEN KLATT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On November 19, 2010, an Amended Petition For Warrant or Summons For Offender Under Supervision was filed in this matter. That Amended Petition alleges seven violations of the conditions of supervised released imposed by this Court at the sentencing of defendant Klatt held on October 19, 2007. Defendant Klatt indicated through counsel that he is not contesting Violation Nos. 1 through 5. Defendant Klatt is alleging that he did not commit Violation Nos. 6 and 7. Violation No. 6 alleges that defendant violated the General Condition that he not commit another federal, state or local crime. Violation No. 7 alleges that defendant violated the Standard Condition that he not associate with any person engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer. The supporting evidence found in the Amended Petition for Violation Nos. 6 and 7 explains:

> On or about November 5 and 6, 2010, Mr. Klatt was in contact with Mr. Lucas and they had arranged to meet each other at the 41 Shell gas station in Menominee, Michigan. Mr. Klatt owed Mr. Lucas $100.00 for money he borrowed while they were in custody together at the Brown County Jail, Green Bay, Wisconsin, and Mr. Klatt said he had money for Mr. Lucas to pay him back. Once Mr. Lucas

> arrived in Menominee, he called Mr. Klatt informing him he had
> arrived. Mr. Klatt then drove to the 41 Shell gas station to see him.
> When Mr. Klatt arrived, he instructed Mr. Lucas to get into his car.
> Once Mr. Lucas got into the backseat of the car, Mr. Klatt drove
> around to the other side of the gas station and an unknown individual
> in the passenger front seat pulled a gun out and pointed it at Mr.
> Lucas's face. The unknown individual ordered Mr. Lucas to give him
> all his money otherwise he would spill his brains all over the
> backseat. Mr. Lucas handed over $300.00 and then ran from the car.
> Mr. Lucas called the Menominee police and filed a report, incident
> #10-001671-575. Menominee Police Department are currently
> investigating this incident. No charges have been filed at this time.

On November 19, 2010, defendant Klatt filed a waiver in this matter, waiving his rights to a preliminary hearing, to appear before a District Judge, and to allocution and sentencing before a District Judge. Defendant Klatt did request a revocation hearing, which was held on December 3, 2010. At that hearing, as stated above, defendant Klatt indicated that he was not contesting Violation Nos. 1 though 5, but was contesting Violation Nos. 6 and 7. Testifying at the hearing were Andrew Lucas, Laine Beyer and Joanne Kriedeman.

At the hearing Andrew Lucas testified that he met defendant Klatt in the Brown County Jail where they were both serving a sentence of incarceration. According to Lucas, he and Klatt became friends and they continued to maintain contact after they were released from jail. Lucas testified that he needed money to secure a residence and had asked defendant Klatt by telephone if Klatt could provide him with some financial assistance. According to Lucas, Klatt indicated a willingness to give Lucas $100.00 to help him secure a residence. On November 7, 2010, Nicole Pann, a friend of Mr. Lucas, agreed to drive him from Iron Mountain, Michigan, to Menominee, Michigan, so that Lucas could meet with defendant Klatt and get the $100.00. Sometime in the afternoon of November 7, 2010, Nicole Pann, Andrew Lucas and Richard Sullivan drove from Iron Mountain, Michigan, to Menominee, Michigan. Lucas testified that he arranged

with Klatt to meet him at the Shell gas station in Menominee. Apparently Klatt and Lucas talked on the phone to arrange their meeting. When they arrived at the Shell gas station in Menominee, Lucas testified that Klatt was not there. Lucas testified that shortly thereafter, Klatt showed up driving a four-door black Grand Am with a passenger in the front seat. Lucas testified that Klatt lowered the window and asked Lucas to get in the back seat. The car then pulled around to an area that was not well lit. Lucas testified that he asked Klatt if he could have the $100.00 and pulled out his wallet so that he could put the money in the wallet. The passenger allegedly saw that Lucas had money in the wallet and told him to hand over the money. Lucas then indicated he made a motion towards the door and the passenger pulled out a firearm and threatened to splatter Lucas's brains all over the back seat. Lucas testified he then gave the money to the passenger and left the car. After leaving the car, he went to the gas station bathroom and then told his friend Nicole that he had been robbed. Apparently, Nicole Pann or Richard Sullivan called 911 and the police were summoned. A police report was offered into evidence, Government's Exhibit 1, which includes statements by Pann and Sullivan which are consistent with the testimony of Lucas. The police report indicates that the police were dispatched to the report of an armed robbery at 1738 hours, or approximately 5:30 p.m.

Laine Beyer, defendant Klatt's girlfriend, testified that she had not seen defendant Klatt between the early afternoon and approximately 6:45 p.m. At that point, Klatt showed up at her house.

Joanne Kriedeman, defendant Klatt's mother, testified that she picked up Klatt at 4:30 p.m. and they went to the mall. According to Ms. Kriedeman, they were in the mall from 4:30 p.m. until 6:30 p.m., when she dropped Klatt off at his house, which would have been Laine Beyer's residence as well. Ms. Kriedeman testified that she was with Klatt the entire time at

the mall. The police report indicates that defendant Klatt said he was at Walmart in Marinette, Wisconsin, with his mother during the time of the alleged robbery. Probation Officer Nathan Lindquist testified that Probation Officer Joshua Hechtman had contacted Ms. Kriedeman previously and at that time she informed Officer Hechtman that when they went to the Walmart at 4:30 p.m., Klatt remained in the car while she shopped for a couple of hours.

In *United States v. Bujak*, 347 F.3d 607 (6th Cir. 2003), the Sixth Circuit explained:

> [T]his Court has held that, in order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of her supervised release. *See United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000).

The Sixth Circuit has also explained in *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998):

> Like the Eighth and Eleventh Circuits, we now expressly hold that Rule 32.1(a)(2)(D) does not preclude the district court from considering reliable hearsay evidence in final revocation-of-supervised-release hearings. Rule 32(a)(2)(D) is essentially a codification of the minimum due process requirements established by the Supreme Court for state parole revocation in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and for state probation revocation in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In *Morrissey* and *Gagnon,* the Court made it clear that the procedures used for revocation of probation and parole should be "flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593; *see also Gagnon,* 411 U.S. at 782-83 n. 5, 93 S.Ct. 1756. The Rules Committee relied explicitly on *Morrissey* and *Gagnon* in drafting Rule 32.1(a): "The hearing required by rule 32.1(a)(2) is not a formal trial; the usual rules of evidence need not be applied." Fed. R. Crim. P. 32.1 advisory committee's note (1979). This statement is consistent with Rule 1101(d)(3) of the Federal Rules of Evidence, which provides that the Rules of Evidence are inapplicable in proceedings revoking probation.

There is a paucity of evidence in the record to establish that defendant Klatt knowingly associated with a person convicted of a felony. The Amended Petition alleges that his association with Andrew Lucas violated the condition that he not associate with a convicted felon. There is no evidence in the record to establish that defendant Klatt knew Lucas was a known felon and therefore it is recommended that the Court find that the government has failed to meet its burden with respect to Violation No. 7.

With respect to Violation No. 6, the undersigned found the testimony of Lucas to be credible. In addition, his actions on November 7, 2010, are completely consistent with the testimony he gave in the courtroom. Nicole Pann and Richard Sullivan both indicated in written statements provided to the police that Lucas came out of the car very upset and indicated that he had been robbed. Lucas relayed the same facts to the police officers who interviewed him and has consistently maintained that he was robbed at gunpoint in a black Grand Am and that defendant Klatt was in the car at the time. Lucas has no motivation to lie about this matter and the undersigned found his testimony to be credible. The testimony of Laine Beyer in no way refutes Lucas's testimony. The testimony of Joanne Kriedeman is inconsistent with statements she made to Probation Officer Hechtman. In addition, as the defendant's mother, she obviously has an interest in the outcome of these proceedings.

I find that defendant Klatt was in the car at the time the $300.00 was taken from Lucas at gunpoint. The circumstances of this incident establish by a preponderance of the evidence that defendant Klatt aided and abetted an armed robbery.

Accordingly, it is recommended that the Court find that the defendant violated the terms of his supervised release as set forth in Violation Nos. 1 through 5 and Violation No. 7 of the Amended Petition For Warrant or Summons For Offender Under Supervision. It is further

recommended that the Court find that the government failed to meet its burden with respect to Violation No. 6.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court on or before **December 15, 2010**. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 3, 2010